IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03002-BNB

JEFFERSON ALLEN,

Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
RAE TIMME,
FREDRIC GIFFORD,
MARY ANN ALDRICH,
LANCE MIKLICH,
VALARIE CRAIG,
KEN TOPLISS,
PAMELA BENTLEY,
MR. SALAMON,
COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO TERRITORIAL CORRECTIONAL FACILITY,
TOM JORDAN, and
SHANNA RICHARDSON,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jefferson Allen, is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility ("CTCF"). He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Allen has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Allen will be ordered to file an Amended Complaint.

Mr. Allen alleges that on March 8, 2013, he was terminated from his prison job in Food Services by Defendant Lt. Williams and issued an incident report for Failure to Work and Disruptive Behavior. He further alleges that he was placed on restricted privileges by Defendant Cantin without a hearing, and the discipline was upheld by Defendant Miklich. Plaintiff asserts that the DOC administrative regulation authorizing the placement of an inmate on restricted privileges status is contrary to a Colorado statute. Mr. Allen claims that the same evidence was used to convict him of a disciplinary hearing and to justify his placement on restricted privileges status, in violation of the constitutional prohibition against double jeopardy; he was denied due process because he was placed on restricted privileges status without a hearing and in violation of DOC administrative regulations; and he was denied equal protection because restricted privileges status is not applied to all offenders equally. In addition, Mr. Allen makes conclusory allegations about several incident reports that were issued against him between August 2012 and August 2013 for which he was sanctioned with loss of privileges. Mr. Allen further asserts that the DOC and CTCF are forcing him to work at prison jobs knowing that he has medical and psychological impairments that limit his ability to function properly. Finally, Mr. Allen makes vague allegations that he has been "threatened, teased, verbally and mentally abused, discriminated against and completely mistreated by staff." [Doc. # 1, at 8]. He seeks monetary and injunctive relief and the restoration of earned time credits.

The Prisoner Complaint is deficient for several reasons. First, the CTCF is not a person subject to suit in this § 1983 action. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (§ 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights"). In any event, both the CTCF and the CDOC are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Second, Mr. Allen fails to allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors, such as the Executive Director of the CDOC, Warden Timme, and Associate Warden Gifford, can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Third, Mr. Allen cannot sue for damages based on the loss of his prison job because an inmate does not have a constitutionally-protected liberty interest in prison

employment. *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996).

Fourth, Mr. Allen's claim that his due process rights were violated in connection with several prison disciplinary actions is without merit. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, No. 13-1249, 2013 WL 4427200 at *2 (10th Cir. Aug. 20, 2013) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Mr. Allen's lost privileges and placement on restricted privileges status for periods of less than ninety days did not lengthen his sentence or subject him to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See*, *e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. Jan. 3, 2013) (unpublished) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life).

Furthermore, the forfeiture of earned time credits in conjunction with a prison disciplinary conviction does not implicate a constitutionally protected liberty interest because earned time credits generally do not count as service of the inmate's sentence, but rather serve only to establish parole eligibility. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 835-36 (10th Cir. Sept. 27, 2013) (unpublished) (citing *Jones v. Martinez*, 799 P.2d 385, 387–88 & n. 5 (Colo.1990) (collecting cases) and *Thiret v. Kautzky*, 792 P.2d 801, 805–07 (Colo.1990) (only those inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, are entitled to mandatory parole; for other offenders, parole is discretionary).

If Mr. Allen is within the category of offenders entitled to mandatory parole, he may not seek restoration of the forfeited earned time credits in this § 1983 action. Instead, he must first pursue the due process claim in a separate habeas corpus proceeding under 28 U.S.C. § 2241. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)); *see also Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek restoration of good time credits rescinded at a disciplinary hearing).

Next, Mr. Allen cannot pursue a double jeopardy claim because prison disciplinary sanctions are not criminal in nature. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (internal quotation marks and citations omitted).

Mr. Allen's equal protection claim fails to allege *specific* facts to show that he was treated differently than a similarly situated inmate. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod*, 94 F.3d at 1406.

Finally, Mr. Allen raises allegations that prison officials knowingly violated his medical and psychological impairments in placing him in certain prison jobs. This claim could implicate the Eighth Amendment. *See Key v. McLaughlin*, 2013 WL 1507950 (D. Colo. March 19, 2013) (stating that "[a]n inmate's allegations that prison officials knowingly forced him to perform medically inappropriate work may implicate the Eighth Amendment" and collecting cases). However, Plaintiff's factual allegations are insufficient. Likewise, Mr. Allen's vague allegations that he has been "threatened, teased, verbally and mentally abused, discriminated against and completely mistreated by staff" [Doc. # 1, at 8] are conclusory. To state a claim for relief in federal court, the

plaintiff's "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To summarize, Mr. Allen's amended complaint should not assert any claims against the CDOC or the CTCF. Plaintiff should also omit any due process and double jeopardy claims arising out of prison discipline actions and the loss of prison jobs because the claims are not meritorious, as discussed above. For his other claims, Mr. Allen must allege specific facts to show that a named Defendant personally caused the deprivation of a constitutional right. Accordingly, it is

ORDERED that Plaintiff, Jefferson Allen, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Allen, shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Allen fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss the Complaint and this action without further notice for the reasons discussed above. It is

DATED November 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge