IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03002-BNB

JEFFERSON ALLEN,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
RAE TIMME,
FREDRIC GIFFORD,
MARY ANN ALDRICH,
LANCE MIKLICH,
VALARIE CRAIG,
KEN TOPLISS,
PAMELA BENTLEY,
MR. SALAMON,
COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO TERRITORIAL CORRECTIONAL FACILITY,
TOM JORDAN, and
SHANNA RICHARDSON,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jefferson Allen, is in the custody of the Colorado Department of Corrections ("CDOC") at the Colorado Territorial Correctional Facility ("CTCF"). He initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On November 4, 2013, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Defendants CDOC and CTCF enjoyed Eleventh Amendment immunity from suit; Plaintiff failed to allege the personal participation of each named Plaintiff in a deprivation of his constitutional rights; and,

some of Plaintiff's claims appeared to be frivolous, as pleaded. Mr. Allen filed an Amended Complaint on December 4, 2013 [Doc. # 6], that is identical to the original Complaint.

Mr. Allen has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2013). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Amended Complaint and this action.

Mr. Allen alleges in the Amended Complaint that on March 8, 2013, he was terminated from his prison job in Food Services by Defendants Bentley, Richardson, and Lt. Williams, and issued an incident report for Failure to Work and Disruptive Behavior. He alleges that Defendant Craig reviewed the incident report and approved it for prosecution. Plaintiff asserts that Defendants Cantin, Salamon, Jordan, and Vigil placed him on restricted privileges without a hearing and that the discipline was upheld by Defendants Miklich and Aldrich. Mr. Allen further alleges that he was convicted of the disciplinary infractions by Defendant Disciplinary Hearing Officer Topliss, who sanctioned him with loss of privileges and earned time credits. Plaintiff claims that the

CDOC administrative regulation authorizing the placement of an inmate on restricted privileges status for refusing to work or participate in programs is contrary to a Colorado statute. He alleges that Defendants Timme and Gifford are aware that CTCF officials enforced the unlawful policy against him, but the Defendants failed to take any remedial action. Mr. Allen further claims that the same evidence was used to convict him of a disciplinary hearing and to justify his placement on restricted privileges status, in violation of the constitutional prohibition against double jeopardy; he was denied due process because he was placed on restricted privileges for up to 90 days without a hearing and in violation of CDOC administrative regulations; and he was denied equal protection because restricted privileges status is not applied to all offenders equally.

In addition, Mr. Allen makes conclusory allegations in the Amended Complaint about several incident reports that were issued against him between August 2012 and August 2013 for which he was sanctioned with loss of privileges. He also makes conclusory assertions that prison officials are forcing him to work at prison jobs knowing that he has medical and psychological impairments that limit his ability to function properly. Finally, Mr. Allen makes vague allegations that he has been "threatened, teased, verbally and mentally abused, discriminated against and completely mistreated by staff," [Doc. # 1, at 8], and has been denied recreation [*id.* at 6]. He seeks monetary and injunctive relief and the restoration of earned time credits.

Mr. Allen's claims against the CDOC and the CTCF are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir.

2007). The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the CDOC ad CTCF are improper parties to this action and will be dismissed.

The Amended Complaint also fails to allege specific facts to show the personal participation of Defendants Timme, the CTCF warden, and Defendant Gifford, the assistant warden, in an alleged deprivation of Mr. Allen's constitutional rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

In the Amended Complaint, Mr. Allen alleges that Defendants Timme and Gifford were responsible for enforcing CTCF's policies and procedures, were "made aware of the problems, [were] in a position of authority to correct them[,] and failed to take the reasonable steps necessary to do so." [Doc. # 6, at 1]. These vague and conclusory allegations are not sufficient to demonstrate that either of these Defendants personally participated in the asserted constitutional violations. Therefore, Defendants Timme and Gifford will be dismissed as parties to this action for lack of personal participation.

The Court next addresses Mr. Vigil's claims that his due process rights were violated in connection with several prison disciplinary actions. The threshold issue is whether Mr. Vigil alleges facts that implicate a constitutionally protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). A liberty interest protected by due process may arise under the Due Process Clause itself or state law. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Prison discipline does not implicate a liberty interest that arises under the Due Process Clause itself because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. Therefore, the only pertinent question is whether the disciplinary convictions implicate a protected liberty interest that arises under state law. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, No. 13-1249, 2013 WL 4427200 at *2 (10th Cir. Aug. 20, 2013) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Otherwise, an inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, are extreme, increase the duration of confinement, and

are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

That Mr. Allen lost certain privileges and was placed on restricted privileges status for periods of less than ninety days did not subject him to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. Jan. 3, 2013) (unpublished) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 2013 WL 4427200 at **2-3 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Furthermore, the forfeiture of earned time credits in conjunction with a prison disciplinary conviction does not implicate a constitutionally protected liberty interest because generally earned time credits do not count as service of the inmate's sentence, but rather serve only to establish parole eligibility. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 835-36 (10th Cir. Sept. 27, 2013) (unpublished) (citing *Jones v. Martinez*, 799 P.2d 385, 387–88 & n. 5 (Colo.1990) (collecting cases)) and *Thiret v. Kautzky*, 792 P.2d 801, 805–07 (Colo.1990) (only those inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, are entitled to mandatory parole; for other offenders, parole is discretionary). The loss of earned time credits for an inmate subject to discretionary parole does not inevitably affect the length of his confinement because the decision to release an inmate on parole "rests on a myriad of considerations." *Sandin*, 515 U.S. at 487.

If Mr. Allen is within the category of offenders entitled to mandatory parole, he may not seek restoration of the forfeited earned time credits in this § 1983 action. Instead, he must first pursue the due process claim in a separate habeas corpus proceeding under 28 U.S.C. § 2241.  *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)); *see also Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek restoration of good time credits rescinded at a disciplinary hearing).

To the extent Mr. Allen asserts a claim under § 1983 based on the loss of his prison job, the claim is legally frivolous.  An inmate does not have a constitutionally-protected liberty interest in prison employment.  *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996).

Mr. Vigil's double jeopardy claim, in which he contends that the same evidence was used both to convict him of a disciplinary violation and justify his placement on restricted privileges status, is legally frivolous and must be dismissed.  "Because the Double Jeopardy clause only applies to proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions . . . do not implicate double jeopardy protections."  *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (internal quotation marks and citations omitted).

Mr. Allen's equal protection claim is lacking because he does not allege *specific* facts to show that he was treated differently than a similarly situated inmate. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod*, 94 F.3d at 1406.  Magistrate Judge Boland warned Plaintiff in the November 12 Order that this

claim, as pleaded, was deficient, and afforded him an opportunity to allege additional facts in support of the claim.  Accordingly, the equal protection claim will be dismissed as legally frivolous.  *See Meek*, 2013 WL 4427200, at *2 (dismissing equal protection claim as legally frivolous where plaintiff's conclusory allegations did "not contain sufficient facts to create a plausible right to relief").

Finally, Mr. Allen's allegations that prison officials knowingly violated his medical and psychological impairments in placing him in certain prison jobs appear to be asserted at his case managers, Defendants Salamon, Jordan, and Vigil.  [Doc. # 6, at 4-5].  Magistrate Judge Boland recognized in the November 12 Order that these allegations could implicate the Eighth Amendment.  *See Key v. McLaughlin*, 2013 WL 1507950 (D. Colo. March 19, 2013) (stating that "[a]n inmate's allegations that prison officials knowingly forced him to perform medically inappropriate work may implicate the Eighth Amendment" and collecting cases).  However, Magistrate Judge Boland advised Plaintiff in the November 12 Order that his factual allegations in support of a potential constitutional claim are vague and conclusory, as are his allegations that he has been "threatened, teased, verbally and mentally abused, discriminated against and completely mistreated by staff" [Doc. # 1, at 8], and that he has been denied recreation time [*id.* at 6].  Mr. Allen has not asserted any additional factual allegations in the Amended Complaint.

Magistrate Judge Boland reminded Mr. Allen in the November 12 Order that to state a claim for relief in federal court, the plaintiff's "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A *pro se* litigant's vague and conclusory allegations that his federal constitutional rights have been violated does not entitle the litigant to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Whatever claim or claims Mr. Allen may intend to assert based on these allegations referenced in the preceding paragraph will be dismissed as legally frivolous because the claims are vague. Accordingly, it is

ORDERED that the Amended Complaint and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent Mr. Allen is within the category of offenders entitled to mandatory parole, he may seek restoration of any forfeited earned time credits in a habeas corpus proceeding under 28 U.S.C. § 2241. It is

FURTHER ORDERED that *in forma pauperis* status will be denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full

$505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  9th  day of   December   , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court